FRANCESCHI *v.* REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Ponce.

No. 12.—Decided November 12, 1907.

ATTORNEY IN FACT—RECORD.—Where an attorney in fact is authorized as the president of an agricultural company to convey the ownership of the properties owned thereby to the members of the company contributing the same to the

company, or to the persons whom they might designate, he does not exceed the authority conferred upon him, but on the contrary, acts strictly in accordance therewith, in conveying to a third party by order of one of the members of the company, the property contributed by him, and it is not necessary to rescind the agreement whereby such property was so contributed and conveyed to the third party in different public instruments, and both acts may be accomplished in one and the same instrument and such instrument is perfectly recordable.

ID.—DEED OF PURCHASE AND SALE.—Where an attorney in fact is authorized to demand, recover and receive all amounts of money, fruits or other things due or to become due his principal and execute proper receipts, acquittances and cancellations, etc., he is implicitly authorized to receive or accept in the name of his principal a deed of purchase and sale of real property.

ID.—RATIFICATION OF CONTRACT.—Where a principal attacks a decision of a registrar denying the admission to record of a contract executed by his attorney in fact and takes an appeal therefrom, such acts constitute a ratification of the acts of the attorney in fact and renders valid any act performed by the latter in excess of the powers or authority conferred upon him.

ID.—CURABLE DEFECTS—FAILURE TO DESCRIBE PROPERTY.—Failure to describe an original property from which the one sought to be recorded is segregated constitutes a curable defect which must be made to appear in the registry of property.

ID.—AGE OF CONTRACTING PARTIES.—Failure to state in a deed the age of the contracting parties does not constitute any defect whatsoever, if it appears therefrom that they are all of legal age, as this is sufficient in order that the registrar may judge as to the capacity of the parties to execute the deed in question.

The facts are stated in the opinion.

*Mr. Yordan Dávila* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney. Yordan Dávila on behalf of Francisco María Franceschi y Gregori from a decision of the Registrar of Property of Ponce, refusing to admit to record a deed of purchase and sale, agreement of sale and lease.

By public deed executed on October 27, 1904, in the town of Adjuntas before Carlos F. Chardon y León, a notary of this Island residing in Ponce, Lucas Amadeo y Antonmarchi and Juan Gutierrez Velasco, as president and secretary respectively of the Unión Agrícola, a joint-stock company, domiciled in the city of Ponce, sold to Francisco Ma. Franceschi

y Gregori an estate having an area of 175.25 *cuerdas* situated in the *barrio* of Pueblo of the municipal district of Adjuntas. This they did in compliance with and under the authority of a resolution of the general stockholders' meeting of said company held in the town of Adjuntas on May 15 of the same year, at which among other things, the managing director, who was the president, Lucas Amadeo, was authorized to transfer the ownership of the estates held by the Unión Agrícola to the persons who had contributed them to the company owing to the latter's inability to pay the price at which they had been appraised when contributed. He was also authorized to make this conveyance to such persons as the owners of the estates might designate, in which event the latter were to attend the execution of the deed to authorize the transfer. The company had acquired these estates of Anecto (*sic*) Caballero y Balbas for the price and sum of $15,000, which sum the latter owed Franceschi and which were to be understood as paid in this form. It was further agreed in the deed that the vendee, Francisco Ma. Franceschi, through his attorney in fact, Antonio Luchetti, who had also taken part in the execution of the deed and had accepted it, gave the said estate, which he had just purchased, in lease to Anecto Cabellero for a term of ten years, for the price and under the other conditions specified in said contract; it being understood that if the lessee, Caballero y Balbas, should, within the ten years stipulated, deliver to Francisco Ma. Franceschi y Gregori, or to his legitimate representative, the $15,000 at which the estate leased had been appraised, said Franceschi, or the person legally representing him, would immediately execute the deed of sale of said estate to Mr. Caballero, or to such person as the latter might designate, the contract of lease becoming *ipso facto* terminated. This deed was accepted in every respect by Anecto Caballero and his wife, Teresa Amadeo, who was also present at the execution thereof.

Upon presentation for record of a copy of this deed in the Registry of Property of Ponce the registrar refused it on the grounds set forth by him in the decision written at the foot of said document, which reads as follows:

"The record of the foregoing document is refused on account of the following incurable defects: 1. Because the representatives of the Unión Agrícola, under the terms of the resolution of the stockholders' meeting of July 30, 1905, lacked power to execute the sale to Fran-çisco María Franceschi, which appears from the foregoing document; for, from the substance of the resolution of the meeting relating to this point, it is clearly seen that its only purpose was the rescission of the contribution of the respective estates made by the partners upon the organization of said company, and although they extended it to authorize the president to convey the property to third persons to be designated by the interested stockholders, such conveyance should have been made for the only authorized purpose, namely, that of rescission, and in such case it would lack justification with regard to the third purchaser, who was not a party to the agreement. 2. Because of the confusion which results through the attempt of simulating in an anomalous contract of purchase and sale, which has acquired the attendance of three different parties, two entirely different contracts, which are the rescission of the contribution to the company by Celso (*sic*) Caballero and the delivery in settlement made by the latter to his creditor, Francisco María Franceschi, which transaction should have been made separately. 3. Because the power of attorney conferred by Francisco María Franceschi upon Antonio Luchetti gives him no power to authorize the purchase referred to in the foregoing document. And in lieu of the record a cautionary notice has been entered to have effect during a period of four months, at folio 85 of volume 61 of the municipal corporation of Adjuntas, estate No. 2735, record letter A, in which notice reference has also been made to the curable defects that the foregoing deed did not state the age of the parties thereto, nor describe in full the original estate from which the one sold is segregated. Ponce, May 13, 1907."

Attorney L. Yordan Dávila took an appeal from this decision in due time on behalf of Francisco Ma. Franceschi, seeking its reversal and the issuance of an order to the registrar to record the deed.

From the power of attorney executed on May 14, 1898, by Franceschi y Gregori in favor of Antonio Luchetti y Ciavaldini, in Ponce, a certified copy of which was presented to the registry together with the deed in question, it appears that the principal, Francisco Ma. Franceschi gave and conferred the fullest and most ample powers to his attorney in fact, Antonio Luchetti, in order that he might, in the name and on behalf of the principal and representing the latter's person, rights and actions, and in accordance with the instructions given him separately, do and perform the following:

"First. Administer, manage and control all the property, rights and actions which the principal may now or hereafter hold under any title or consideration whatsoever, whatever be the origin thereof; provide for the maintenance and care thereof, and rent or lease it for the time and price and under the conditions which he might see fit, etc.
"Second. Demand, collect and receive such sums of money, products, or other goods as now are due or hereafter may become due the principal, whatever be their origin; and to issue the proper receipts, acquittance, and total or partial cancellations, whether by deed or mortgage, with respect to that which he may collect or which may come into his possession," etc.

From the minutes of the general stockholders' meeting of the Unión Agrícola Company, of July 30, 1905, to which the registrar makes reference in his decision and which are attached to the instrument of the record of the minutes of said company executed in Ponce, before Notary Carlos F. Chardon y León, on August 18, 1905, and which the registrar had before him when he classified the instrument in question, it appears that said instrument was one of those approved by said general meeting among a large number of others executed by the president, Lucas Amadeo y Antonmarchi, under the authority which had been conferred upon him by the general stockholders' meeting held in Adjuntas on May 15, 1904, for the conveyance of the ownership of the property of the company to the stockholders who had contributed it, or to such persons

as the latter might designate, under the other conditions set forth in the said resolution.

. The president of the Unión Agrícola company having been fully authorized by the resolution of the general stockholders meeting held  on May 15, 1904, in the town of Adjuntas, to convey. the ownership of the estates which the Unión Agrícola held to the persons who had contributed them to the company, or to such persons whom the latter might designate, he did not exceed, but on the contrary, strictly confined himself to the powers which had been conferred upon him in selling and conveying the deed in question to Francisco Ma. Franceschi by order of Celso Caballero the estate of 175 *cuerdas* which the latter had contributed to the company in payment of $15,000 which he owed the purchaser, and this deed furthermore is expressly approved and ratified by the general meeting of stockholders held in the said town of Adjuntas .on July 30, 1905, for which reason it cannot be maintained that the representatives of the Unión Agrícola lacked the power to execute it to Francisco Ma. Franceschi, as the registrar . alleges in his decision.

There is no confusion or conflict whatsoever in the fact that the president of the Unión Agrícola and Celso Caballero, the former with the authority of the stockholders' meeting, should have considered as rescinded the contribution to the company of the estate of Caballero, and that in the same deed the latter should have sold it to Franceschi in payment of the $15,000 which he owed him, as there is no law or principle whatsoever prohibiting it or requiring the execution of two different documents in such cases.

Antonio Luchetti having been vested as the attorney in fact of Francisco Maria Franceschi, among other powers, with authority to demand, collect and receive any sums of money, products or other goods due or thereafter becoming due the principal whatever might be their origin, and to issue

the proper receipts, acquittances and total or partial cancellations, etc., he was implicitly authorized to accept the sale of the estate of Caballero in payment of what the latter owed his principal; especially when, Franceschi having objected to the decision of the registrar of property in this appeal and requested the reversal of such decision and the issuance of an order to the registrar to make the record of the deed, it is seen that he accepts it in every respect, which is equivalent to an implied ratification thereof, which would validate it in the event that by its execution the attorney in fact had exceeded his powers.

Therefore, none of the grounds alleged by the registrar in his decision, the only grounds which this court can consider in this appeal, constitute any defect or flaw which could prevent the record of the deed in the registry of property.

With regard to the curable defects mentioned by the registrar, the only one which can be considered as such is the failure to describe the original estate from which the estate alienated is segregated, as required by the resolution of the General Directorate of Registries of December 1, 1892; but it is not possible to admit as such the failure to state the age of the parties to the deed, because as it is shown therein that all of them are of age this is sufficient to enable the registrar to judge as to the capacity of the parties to execute the deed in question.

In view of sections 1058, 1222, 1225 and 1226 of the Revised Civil Code, articles 65 of the Mortgage Law and 110 of the Regulations for its execution, and the above mentioned decision of the General Directorate of Registries, the decision of the registrar of property appearing at the foot of the deed involved in this appeal is reversed and such deed is adjudged to be recordable. Said deed is ordered to be returned to the registrar together with the documents attached thereto and a certified copy of this decision, in order that

he may admit the deed to record with the curable defect mentioned in the second part of his decision.

*So decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.